ORIGINAL

# In the United States Court of Federal Claims

No. 17-1843C

(Filed: March 13, 2018)

**FILED**

MAR 1 3 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
VALERIE HESTER,                      \*
\*
              Plaintiff,             \*
\*
v.                                   \*
\*
THE UNITED STATES,                   \*
\*
              Defendant.             \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rule 12(b)(1) Motion to Dismiss
for Lack of Subject Matter
Jurisdiction; Individually Named
Defendants; Constitutional Claims;
Motion to Disburse Social Security
Benefits.

*Valerie Hester,* Newark, New Jersey, *pro se* Plaintiff.

*Vincent de Paul Phillips,* with whom were *Chad A. Readler,* Acting Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *L. Misha Preheim,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

<u>OPINION AND ORDER</u>

WHEELER, Judge.

Valerie Hester, a *pro se* plaintiff who suffers from severe medical issues, seeks relief in this Court for alleged harms resulting from a denial of her social security benefits application. She claims the Social Security Administration has intentionally and unlawfully withheld benefits from her since 2011. The Government has filed a motion to dismiss Ms. Hester's claims for lack of subject matter jurisdiction. Ms. Hester has filed a motion for the Court to disburse benefits. For the reasons explained below, the Court GRANTS the Government's motion to dismiss and DENIES Ms. Hester's motion to disburse benefits.

7016 3010 0000 4308 4409

Background[1]

Ms. Hester's protracted battle with the Social Security Administration ("SSA") began in November 2011 when she applied for SSA Disability Insurance Benefits and Supplemental Security Income. See Hester v. Colvin, No. 1:14CV751, 2016 WL 1364190, at *1 (M.D.N.C. Mar. 31, 2016). The SSA denied her benefits application and repeatedly affirmed that decision until the final, appealable denial in August 2014. Id.

Ms. Hester appealed the SSA's final denial to the United States District Court for the Middle District of North Carolina. Id. On appeal, the magistrate judge found that the Administrative Law Judge ("ALJ") failed to adequately evaluate Ms. Hester's cervical degenerative disc disease and that the Appeals Council, which upheld the ALJ's decision, failed to address material evidence that contradicted Ms. Hester's residual functional capacity. Id. at *2. As such, the magistrate judge recommended that the case be remanded. Id.

On September 29, 2016, the district court entered a remand order based on that recommendation. Hester v. Colvin, No. 1:14CV751, 2016 WL 5477614, at *2 (M.D.N.C. Sept. 29, 2016). Ms. Hester's claim has been pending before the SSA throughout this litigation and still awaits resolution. See Mot. to Dismiss, Dkt. No. 12 at 2.

Following the district court's remand order, Ms. Hester filed suit against the SSA and a number of individuals in the United States District Court for the Middle District of North Carolina, seeking money damages for harms allegedly suffered from the SSA's denial. Hester v. Colvin, No. 1:16CV410, 2017 WL 375656 at *2 (M.D.N.C. Jan. 26, 2017). Ms. Hester claimed that the defendants engaged in fraud, corruption, bias, malpractice, and negligence. Id. She additionally alleged that the denial decision "deprived her of her right to obtain appropriate healthcare" and asserted that she could recover damages under the Federal Tort Claims Act ("FTCA"). Id. The court held that Ms. Hester's claims against the defendants were barred under immunity doctrines or were not cognizable under law. Id. at *3. The court also found that Ms. Hester failed to meet the "most liberal pleading requirements." Id. (citing Dickson v. Microsoft Corp., 308 F.3d 193, 213 (4th Cir. 2002), cert. denied, 539 U.S. 953 (2003)).

Ms. Hester also filed suit in the United States District Court for the Eastern District of North Carolina. See Hester v. North Carolina, No. 5:17-CV-174-D, 2017 WL 4640450, at *1 (E.D.N.C. Sept. 13, 2017). In this action, Ms. Hester raised arguments similar to her contentions in the Middle District of North Carolina suit. Id. at *2. She made three additional claims: a qui tam False Claims Act ("FCA") action; a claim of a violation of the Fourteenth Amendment's guarantee of procedural due process pursuant to 42 U.S.C. §

---

[1] This opinion references civil actions filed in North Carolina, Ms. Hester's legal residence until February 2018. After the unfortunate passing of her mother, Ms. Hester relocated from North Carolina to New Jersey. See Dkt. No. 15.

1983; and a specific request for criminal prosecution under 18 U.S.C. § 1035 for false statements in health care matters. Id. The court dismissed her case as frivolous. Id. at *4.

On November 27, 2017, Ms. Hester filed her complaint with this Court. Compl., Dkt. No. 1. She filed an amended complaint on January 8, 2018, listing her mother, Marion Hester, as an additional plaintiff.[2] Amended Compl., Dkt. No. 7. In the amended complaint, Ms. Hester named the following as defendants: the United States, Durham County Social Services, the North Carolina Department of Health and Human Services, the Office of Disability Adjudication and Review, U.S. Attorneys Ripley Rand and Robert S. Drum, the North Carolina Disability Determination Services, and the state of North Carolina. Id. at 4. Ms. Hester alleges violations of civil and constitutional rights, torts, fraud, FCA violations, and criminal acts. Id. at 3-6.

Ms. Hester contends that the named defendants wrongfully denied her social security benefits based on fraudulent reports. Id. at 1. She alleges that these defendants have committed fraud, corruption, discrimination injuries, and continuous violations of her Fifth and Fourteenth Amendment Rights. See id. at 4. Ms. Hester seeks money damages under the FTCA, 42 U.S.C. § 1983 for due process violations, the FCA, and the Americans with Disabilities Act ("ADA") for harms allegedly caused by the denial. Id. at 1-6. Ms. Hester argues that the Tucker Act, 28 U.S.C. § 1491, provides the Court with the power to award money damages and requests damages amounting to 23 million dollars. Id. at 1-4. In her initial complaint, Ms. Hester requested that the Court review the SSA decision; however, this request was not included in the amended complaint. See Compl. at 1.

On January 26, 2018, in response to Ms. Hester's amended complaint, the Government filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Mot. to Dismiss, Dkt. No. 12.

On February 8, 2018, Ms. Hester filed a response to the government's motion to dismiss. Resp. to Mot. to Dismiss, Dkt. No. 17. In her response, Ms. Hester argues that 42 U.S.C. § 1983 allows her to invoke Tucker Act jurisdiction for constitutional violations. Id. at 1. She also states that the named defendants have violated her Fourth Amendment rights through criminal acts that deprived her of social security benefits. Id. The Government filed a reply in support of the motion to dismiss on February 22, 2018. Dkt. No. 19. In its reply, the Government argues that Ms. Hester's reading of the Tucker Act is overbroad and the Court lacks jurisdiction to hear the case. Id. at 3.

Additionally, on February 5, 2018, Ms. Hester filed a motion requesting the Court to order the named defendants to disburse social security benefits due to her "dire needed healthcare." Mot. to Disburse, Dkt. No. 16 at 1. The Government filed a response to Ms.

---

[2] In her amended complaint, Ms. Hester contends that her mother has also been injured by SSA's denial decision under the tort doctrine of transferred intent. Amended Compl. at 2-3. For reasons stated in this opinion, Ms. Hester's tort claims are dismissed.

Hester's motion on February 15, 2018, arguing that the Court has no jurisdiction to review SSA decisions and therefore is unable to grant the relief requested. Dkt. No. 18 at 1.

## Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007). Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Id. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). For the reasons discussed below, Ms. Hester's claims do not survive the Government's 12(b)(1) motion to dismiss.

## A. Claims Against the State of North Carolina and Individually Named Defendants

This Court only has jurisdiction to entertain claims against the United States. 28 U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction . . . ."); Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims.").

Here, in addition to the United States, Ms. Hester names other entities, including Durham County Social Services, the North Carolina Department of Health and Human Services, U.S. Attorneys Ripley Rand and Robert S. Drum, and the state of North Carolina,

4

as defendants. Amended Compl. at 4. As this Court does not possess jurisdiction over claims against states, state officials, or private citizens, Ms. Hester's complaint fails to meet the foundational jurisdictional requirement that the United States be the only defendant. Therefore, this Court does not have jurisdiction to consider Ms. Hester's claims against these other parties.

B. Tort Claims and Criminal Claims

Ms. Hester alleges that the named defendants committed torts and criminal acts against her. See Amended Compl. at 1-6. These alleged acts include the use of falsified materials as a basis for the denial of her social security benefits application, injuries that resulted from her lack of benefits, and FTCA violations. Id. at 6. The Federal Tort Claims Act grants jurisdiction to hear tort claims exclusively to federal district courts. 28 U.S.C. § 1346(b)(1). Further, this Court does not possess jurisdiction to hear claims brought under the FTCA. Robleto v. United States, 634 F. App'x 306, 308 (Fed. Cir. 2015). Similarly, this Court does not have jurisdiction over criminal claims. See Hufford v. United States, 87 Fed. Cl. 696, 702 (2009). Ms. Hester's tort and criminal claims are therefore not properly brought before the Court.

C. Constitutional Claims

The Court likewise lacks jurisdiction to entertain Ms. Hester's claims that her Fifth and Fourteenth Amendment rights have been violated. This Court does not have jurisdiction over Fifth and Fourteenth Amendment due process violation claims because monetary damages are not available under these provisions. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Ogden v. United States, 61 Fed. Cl. 44, 47 (2004); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Stephanatos v. United States, 81 Fed. Cl. 440, 445 (2008). A Fifth or Fourteenth Amendment due process violation does not create an independent cause of action for money damages. McCauley v. United States, 152 F.3d 948, 1998 WL 224949 (1998).

D. False Claims Act

This Court is precluded from hearing Ms. Hester's *qui tam* FCA action pertaining to her social security benefits denial. *Qui tam* FCA suits may only be brought in Federal district courts, not in the Court of Federal Claims. 31 U.S.C. § 3732(a); see also LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995).

E. Americans with Disabilities Act

This Court also lacks jurisdiction to hear Ms. Hester's claims brought under Title II of the ADA. The Federal district courts have exclusive jurisdiction over ADA claims. McCauley, 152 F.3d 948. Further, the ADA is not a money-mandating source of law that

creates an independent cause of action for money damages required for jurisdiction under the Tucker Act. <u>See</u> <u>Allen v. United States</u>, 546 F. App'x 949, 951 (Fed. Cir. 2013).  As such, these claims are not within the Court's purview.

F.  <u>Motion to Disburse Social Security Funds</u>

This Court lacks jurisdiction to review SSA decisions and therefore cannot grant Ms. Hester's motion to disburse social security funds.  The Social Security Act states that SSA decisions may be reviewed exclusively by the federal district courts.  42 U.S.C. § 405(g).  The Court of Federal Claims has no jurisdiction under the Tucker Act to hear claims over social security benefits.  <u>See</u> <u>Marcus v. United States</u>, 909 F.2d 1470, 1471 (Fed. Cir. 1990).  While it is disheartening that Ms. Hester's claims are still pending before the SSA, this matter is not within the Court's jurisdiction.

Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED. Ms. Hester's motion to disburse benefits is DENIED.  The Clerk of the Court shall enter judgment accordingly.  No costs.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge